UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA RECTOR ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| VALENTINE & KEBARTAS, INC., ) | |
| ) | |
| SRA ASSOCIATES, INC., ) | JURY TRIAL DEMANDED |
| & ) | |
| DELL FINANCIAL SERVICES, LLC ) | |
| ) | |
| Defendants ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Angela Rector, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Angela Rector, is an adult natural person and brings this action for actual and statutory damages and other relief against the Defendants, Valentine & Kebartas, Inc. and SRA Associates, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and against Defendants, Valentine & Kebartas, Inc. and Dell Financial Service, LLC for Breach of Contract.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant, SRA, has a principal place of business located in this District.

## III.  PARTIES

4. Plaintiff, Angela Rector is an adult natural person residing at 1215 185th Street East Spanaway, Washington 98387. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Valentine & Kebartas, Inc ("Defendant Valentine & Kebartas"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Washington and Massachusetts with an office located at 15 Union Street, Lawrence, MA 01840.

6. Defendant, SRA Associates, Inc. ("Defendant SRA"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt in the State of New Jersey with its principal place of business located at 401 Minnetonka Road, Hi-Nella, NJ 08083.

7. Defendant, Dell Financial Services, LLC ("Defendant Dell Financial"), at all times relevant hereto, is and was a corporation in the business of financing products and services sold by Dell through consumer and small business revolving loans and fixed-term business loan and lease financings in the States of Washington and Illinois with a place of business located at 2012 Corporate Lane, Suite 108, Naperville, Illinois 60563.

8. Defendants, Valentine & Kebartas and SRA, are engaged in the collection of debts from consumers using the telephone and mail. Defendants regularly attempts to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

9. Plaintiff retained a law firm to assist her in resolving personal financial issues.

10. Plaintiff owed an alleged consumer debt to Defendant, Dell Financial in the amount of $1,261.66.

11. On or around January 27, 2011, Plaintiff received a letter from Defendant, Valentine & Kebartas, stating that pursuant to an agreement made between Plaintiff and Defendant, Valentine & Kebartas, Plaintiff can settle the alleged account for $666.00.  **See Exhibit "A" attached hereto.**

12. On or about January 28, 2011, Plaintiff through her attorney made payment of $520.00 to Defendant, Valentine & Kebartas as agreed.

13. On or about February 22, 2011, Plaintiff through her attorney made payment of $73.00 to Defendant, Valentine & Kebartas as agreed.

14. On or about March 14, 2011, Plaintiff through her attorney made payment of $73.00 to Defendant, Valentine & Kebartas as agreed.

15. All payments were made timely by Plaintiff.

16. All payments were accepted and deposited by Defendant, Valentine & Kebartas, and the account was to be mark settled in full.

17. It is believed and therefore averred that Defendant, Dell Financial, received the settlement payments totaling $666.00 but never marked the account as settled and closed.

18. On or about May 5, 2011, Plaintiff received a call from Defendant, Valentine & Kebartas attempting to collect on the account.

19. Plaintiff informed Defendant, Valentine & Kebartas, the account had been settled in full.

20. Defendant, Valentine & Kebartas, told the Plaintiff the account was not settled because the settlement offer was declined.

21. On or about June 15, 2011, Plaintiff sent Defendant, Valentine & Kebartas a copy of the settlement letter and proof of payments.

22. On or about June 7, 2011, Defendant, SRA, sent the Plaintiff a letter attempting to collect on the alleged debt. **See Exhibit "B" attached hereto.**

23. On or about June 21, 2011, the Plaintiff began to receive phone calls from Defendant, SRA.

24. In or about August 2011, Plaintiff explained to an agent of Defendant, SRA, the account was settled in full with Defendant, Valentine & Kebartas.

25. Plaintiff was transferred to another agent of Defendant, SRA.

26. Defendant, SRA, demanded the Plaintiff get a settled in full letter from Defendant, Valentine & Kebartas.

27. Plaintiff called Defendant, Valentine & Kebartas, and asked for a settled in full letter.

28. Defendant, Valentine & Kebartas, informed the Plaintiff the account was no longer in the Defendant, Valentine & Kebartas's, possession so they could not help the Plaintiff.

29. Defendant, SRA, continues to call the Plaintiff.

30. After settling the account and paying as agreed to Defendant, Valentine & Kebartas, Plaintiff no longer owed money to Defendant, Dell Financial.

31. Despite paying the account pursuant to the agreement attached as Exhibit "A", the Defendant, SRA continued to attempt to collect the debt in violation of the FDCPA.

32. Defendants, Valentine & Kebartas and Dell Financial are in breach of the contract that they had entered into with the Plaintiff.

33. The Defendants, Valentine & Kebartas and SRA knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

34. At all times pertinent hereto, Defendants, Valentine & Kebartas and SRA were acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

35. At all times pertinent hereto, the conduct of Defendants, Valentine & Kebartas and SRA as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

36. As a result of Defendants, Valentine & Kebartas and SRA's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

### Plaintiff v. Valentine & Kebartas, Inc. and SRA Associates, Inc.

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendants, Valentine & Kebartas, Inc. and SRA Associates, Inc. were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

39. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Valentine & Kebartas, Inc. and SRA Associates, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT II - BREACH OF CONTRACT

### Plaintiff v. Valentine & Kebartas, Inc. and Dell Financial Services, LLC

40.    The above paragraphs are hereby incorporated herein by reference.

41.    The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, Valentine & Kebartas, Inc. and Dell Financial Services, LLC promised to Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered, agreed to participate in the settlement and did in fact complete such settlement.

42.    Defendants, Valentine & Kebartas, Inc. and Dell Financial Services, LLC are in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Valentine & Kebartas, Inc. and Dell Financial Services, LLC for the following:

    a.    Actual damages;

    b.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                        **Respectfully submitted,**

                                        **WARREN & VULLINGS, LLP**

**Date:  October 19, 2011**　　　　　　**BY:**  */s/  Bruce K. Warren*
　　　　　　　　　　　　　　　　　Bruce K. Warren, Esquire


　　　　　　　　　　　　　　　　　**BY:**  */s/  Brent F. Vullings*
　　　　　　　　　　　　　　　　　Brent F. Vullings, Esquire

　　　　　　　　　　　　　　　　　Warren & Vullings, LLP
　　　　　　　　　　　　　　　　　93 Old York Road, Suite 333
　　　　　　　　　　　　　　　　　Philadelphia, PA  19046
　　　　　　　　　　　　　　　　　215-745-9800   Fax 215-745-7880
　　　　　　　　　　　　　　　　　Attorneys' for Plaintiff